UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DARVEONTRAE COLLINS,<br><br>　　　　　　　　Defendants. | Case No. CR20-5001-BHS<br><br>ORDER |

A hearing concerning Mr. Collins' release or detention was conducted on Dec. 17, 2019, and the Court issued an order of detention. Dkt. 13. The Court found the defendant was a safety risk, a substantial flight risk, and presented an extreme risk of non-appearance, because his criminal history, multiple instances where he failed to appear for proceedings in state court, and behavior in the current offense shows a disregard and disrespect for Court processes and orders. *Id.*

Before the Court is Darveontrae Collins' motion seeking to re-open the issue of his release or detention pending trial under 18 U.S.C. Section 3142(f); in the alternative he requests temporary release under 18 U.S.C. Section 3142(i)(3). Dkt. 30. Defendant Collins stands charged in the United States District Court for the Western District of Washington with six felony counts. Dkt. 14. Three of the counts are felony drug offenses, which are punishable by up to twenty years and five years imprisonment; the other three counts are related firearms charges, which each carry mandatory minimums of five years

ORDER - 1

and up to life, each of which must be consecutive to all other counts. *Id.*; Dkt. 24, Government's Response (to the first motion to reopen) at 2.

This is the second time Mr. Collins has filed a motion to reopen, and a motion for temporary release; he pursued such motions before Magistrate Judge David W. Christel in May, 2020, and Judge Christel denied the motions (with the same proposed release plan as Mr. Collins proposes in the current motions). Dkt. 22, 24, 25.

**Motion to Seal Document**

Both Defendant and Plaintiff move to seal court documents and to close the hearing regarding the motion to reopen detention hearing under 18 U.S.C. § 3142(f)[1] or in the alternative, for temporary release under 18 U.S.C. §3142(i)(3). Dkt. 29; Dkt. 33; Dkt. 39; Dkt. 47; and Dkt. 51. The Court sealed the documents at issue upon filing in accordance with Ninth Circuit precedent that allows for the "sealing of documents attached to a motion to seal while district courts consider whether the documents should be made public." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017).

When determining whether to seal court documents or close hearings, this Court must consider the two qualified rights of access to judicial proceedings and records recognized by the Ninth Circuit – the First Amendment right of access to criminal proceedings and documents there in, and the common law right to inspect and copy public records and documents, including judicial records and documents. *Doe*, 870 F.3d at 996-997 (citing *United States v. Bus. of Custer Battlefield Museum & Store located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011)).

---

[1] In motion captions, Defendant cites to 18 U.S.C. §3132(f), which seems to be a typographical error. *See* Dkt. 30.

ORDER - 2

The Court must determine whether the First Amendment right applies to the particular document or proceeding by asking two questions: "1) 'whether the place and process have historically been open to the press and general public': and 2) 'whether the public access plays a significant positive role in the functioning of the particular process in question.'" *Doe*, 870 F.3d at 997 (citing *Press-Enter II v. Super. Ct.*, 478 U.S. 1, 8, 106 S.Ct. 2735, 92 L.Ed. 1 (1986)). However, the qualified First Amendment right to public access creates only a "strong presumption of openness" which parties in criminal proceedings may rebut if they can show "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 998 (citing *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462,1466 (9th Cir. 1990)*; see also Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1980)). The court must make "specific factual findings." *Id.*

Similarly, the common law right generally attaches to judicial records that are traditionally kept secret for important policy reasons.[2] *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) (citing *Doe*, 870 F.3d at 996-97). Where the common law right attaches, the strong presumption in favor of access may be overcome by a showing of a compelling reason. *Carpenter*, 923 F.3d at 1179 (citing *United States v. Sleugh*, 896 F.3d 1107, 1013 (9th Cir. 2018); *see also Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Such compelling reason must not be based on hypothesis or conjecture.

---

[2] Two categories of documents recognized as exempt from the common law right of access are grand jury transcripts and warrant materials in the midst of pre-indictment investigation. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

*Id.* (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Rather, the court must consider specific factual findings and "conscientiously balance the competing interests" of the public and party who seeks to close judicial records. *Kamakana*, 447 F.3d at 1178-1179.

The Ninth Circuit has held that a sufficient compelling reason exists when court files might become a vehicle for improper purposes (including private spite, public scandal, and libelous statements). *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1206, 55 L.Ed.2d 570 (1978) and *Folz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

The Court has considered the facts presented by both Mr. Collins and the Government and has determined that each party has a compelling interest to seal the documents. Considering the present facts and the information presented during the hearing, and in the documents, the Court also has determined that, if not sealed, a substantial risk exists to the protection of each party's compelling reason. Lastly, alternatives to sealing the documents, including redaction, would not sufficiently protect Mr. Collins' nor the Government's compelling interest.

The Court therefor grants both Mr. Collins' and the Government's motions to seal documents. Under the same analysis, the Court also granted the request for a closed hearing. Findings were specifically made on the record during the hearing.

**I.     Motion to reopen detention hearing under 18 U.S.C §3142(f); or in the alternative, for temporary release under 18 U.S.C. §3142(i)(3)**

Defendant Collins seeks to reopen the detention hearing, asserting a change in circumstance that is new and material to the decision whether to release or detain under the Bail Reform Act, 18 U.S.C. Section 3142. Dkt. 30 and Dkt. 40.

ORDER - 4

In the alternative, defendant seeks temporary release to his mother's home under 18 U.S.C. Section 3142(i), because he has been having trouble in consulting with his attorneys, due to an increase in the security measures at the Federal Detention Center (FDC) SeaTac during the COVID-19 pandemic. Dkt. 30; Dkt. 40; Dkt. 52.

The government opposes defendant's motion. Dkt. 34 and Dkt. 48. The government argues the factors enumerated in 18 U.S.C. § 3142(g), essential to detention determinations, remain unchanged in favor of detention and the defendant has not raised new material information to justify reopening the issue of detention. *Id.* Defendant submitted a Reply. Dkt. 52.

Defendant's request to reopen the hearing is based on 18 U.S.C. § 3142(f)(2), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." New information is "material" if the new information shows the defendant is less likely to flee or fail to appear for trial, or less likely to have the potential for dangerousness to others and the community. *Id.; see United States v. Watson,* 475 Fed. Appx. 598, 600 (6th Cir. 2012).

Under the Bail Reform Act, 18 U.S.C. § 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, whether he was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community posed by the

defendant's release. The Court previously considered these factors and ordered defendant detained.

Defendant presents no information or arguments in his current motion that are both new and material regarding the analysis under the Bail Reform Act. Defendant has not shown any material change in the risk of flight or the risk of non-appearance due to his history of flight and history of failure to appear – showing that he would be likely to disrespect the Court's orders.

The Court is aware of the impact that COVID-19 is having on the Western District of Washington community locally and the national and global community. Chief Judge Martinez issued General Order No. 03-20, stating that "the Court will attempt to address motions to reopen detention hearings on an expedited basis for reasons associated with the ongoing health emergency" and directing the Federal Public Defender to "identify individuals who are currently detained but should be reconsidered in light of the current health emergency and who do not pose a current and substantial safety risk to the community or flight risk." Yet the record in this case shows that Mr. Collins is a current and substantial flight risk, and a risk of failure to appear due to being disrespectful of Court orders.

Alternatively, defendant requests a temporary release pursuant to 18 U.S.C. § 3142(i)(3). Dkt. 30; Dkt. 40; Dkt. 52. The Bail Reform Act permits the Court to temporarily release an individual in custody when "necessary for preparation of the person's defense." 18 U.S.C. § 3142(i). Mr. Collins intertwines his argument for temporary release under the Bail Reform Act with allegations of violations to his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment right of

access to the Court. Dkt. 30 at 3; Dkt. 40 at 8-13; Dkt. 52. Mr. Collins supports his argument with *United States v. Barclay*, 442 F. Supp. 3d 1312 (D. Idaho 2020). Dkt. 52 at 2-4. The *Barclay* Court clarified that it was "not finding a constitutional violation", but it did find that the challenges at the FDC SeaTac faced by Barclay in communicating with his attorney, whom was based in Idaho, to be unreasonable and it therefore granted the defendant's motion. *Barclay*, 442 F. Supp. 3d at 1318. However, the motion granted by the *Barclay* Court was for Barclay's *transfer* – not release on bond -- from FDC SeaTac to the District of Idaho. *Id.*

      The only issue before the Court here is Mr. Collins' motion for *release* – not transfer. Dkt. 30; Dkt. 40; Dkt. 52. The Court does recognize that the COVID-19 pandemic and related preventive restrictions have affected legal visits and limited access to confidential phone communication at the FDC SeaTac. However, this Court is not finding a constitutional violation of Mr. Collins' constitutional rights, because Mr. Collins has not presented facts that would establish that he has insufficient opportunity to meet with counsel – he has argued only that it is difficult to arrange such meetings. And Mr. Collins does not provide a sufficient distinct argument of necessity for preparation of his defense for his temporary release under §3142(i)(3).

      Furthermore, a trial date is currently not set and both Mr. Collins and the Government agree that the trail date will be set as soon as the Court deems it is safe to proceed and the Court's calendar allows, taking into consideration all other cases also awaiting trial. Dkt. 31. Since additional time and occasion to prepare for trial is available to the defendant, there is not a basis for release under 18 U.S.C. § 3142(i)(3), in any event.

ORDER - 7

Nonetheless, recognizing the current difficulties presented by the COVID-19 pandemic, and the discussions requested for Mr. Collins and his attorney, parties may meet and confer to present a pre-trail plan, which is not to include temporary release, to the Court to address the concerns raised for meaningful pre-trail preparation.

The defendant's motion to reopen detention hearing under 18 U.S.C. §3142(f) is denied. The defendant's motion for temporary release under 18 U.S.C. §3142(i)(3) is denied.

Dated this 23rd day of November, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 8