UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DARVEONTRAE MALIK COLLINS,<br><br>        Defendant. | CASE NO. CR20-5001 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Darveontrae Malik Collins' Motion for Compassionate Release, Dkt. 84. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

## I. BACKGROUND

In January 2020, Collins was charged in a six-count indictment with three counts of Possession with Intent to Distribute Controlled Substances and three counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Dkt. 14. Collins pled guilty to Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2, Possession of Cocaine, Marijuana, and

Alprazolam with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and Possession of Fentanyl and Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 in June 2021. Dkt. 67. Collins was sentenced to 66 months confinement followed by three years of supervised release. Dkt. 82. Collins is currently housed at the Federal Correctional Institute in Lompoc, California and is scheduled to be released on October 8, 2024.

Collins moves for compassionate release, arguing his release is necessary to care for his grandmother and to gain custody of his daughter. Dkt. 84. The Government opposes compassionate release, arguing that Collins has not demonstrated that he is the only available caregiver for his grandmother nor that he is needed to care for his daughter.[1] Dkt. 88. The Government further argues that Collins cannot, and did not, demonstrate that the sentencing factors under 18 U.S.C. § 3553(a) warrant release. *Id.*

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended

---

[1] The Government's unopposed Motion to Seal Exhibit A to its response, Dkt. 89, is GRANTED.

§ 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;

```
                           ***
        (2) The defendant is not a danger to the safety of any other person or
    to the community, as provided in 18 U.S.C. § 3142(g); and
        (3) The reduction is consistent with this policy statement.
```

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have exhausted their administrative remedies and that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a). The parties agree that Collins properly exhausted his administrative remedies but dispute whether Collins has extraordinary and compelling reasons warranting his release.

While § 1B1.13 is not binding on this Court for defendant-initiated motions for compassionate release, it does provide the Court guidance. Notably, § 1B1.13 contemplates extraordinary and compelling reasons due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to the

"incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG, § 1B1.13, Application Notes (1)(C). Courts, including this one, have thus concluded that a defendant being the only available caregiver for their parents can amount to an extraordinary and compelling reason. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019); *United States v. Hernandez*, No. 16-20091-CR-WILLIAMS, 2020 WL 4343991, at *1 (S.D. Fla. Apr. 3, 2020); *United States v. Pickering*, No. CR20-5005 BHS, Dkt. 73 (W.D. Wash. Nov. 29, 2021). *But see United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Collins moves for release so he can care for his elderly grandmother, Sandra Oliver, who suffers from terminal metastatic lobular breast cancer. Dkt. 84 at 4–5. Collins asserts that Ms. Oliver is in need of care previously provided by Collins's mother, who has recently moved to Wisconsin to care for her own grandmother. *Id.* at 5. He also would like to gain sole custody of his 3-year-old daughter who is currently living with her maternal grandmother. *Id.* at 5–6.

The Government argues that, while Collins has expressed a desire to care for his family members, he has not demonstrated that he is the only available caregiver for either his grandmother or his daughter, which is the standard for compassionate release. Dkt. 88 at 7–11. The Government argues that Collins is not the only available caregiver and has not suggested that he ever served as a caregiver for Ms. Oliver or his daughter. *Id.* It also asserts that Collins failed to explain what kind of assistance his grandmother needs and

that he can provide it or that he would even be able to care for his daughter upon his release, given the ongoing custody battle. *Id.*

The Court agrees with the Government that there are no extraordinary and compelling reasons justifying Collins' release. As to Ms. Oliver, Collins has failed to show that there is no one else capable and willing to care for her. While Ms. Oliver states in her declaration that there are no other family members able to care for her, she also states that she has a friend who is assisting her. Dkt. 84-5. She does assert that her and her friend "both need to have Darveontrae be [her] care provider," but she, nor anyone else, ever asserts that her friend is unable or unwilling to continue providing care. *Id.* at 3. Further, Ms. Oliver's doctor's letter does not indicate the level of care she needs. *See* Dkt. 84-4 at 4.

Similarly, addressing his desire to care for his daughter, she is currently living with her maternal grandmother, and there is no indication that Collins is needed to care for her nor that he would be able to gain custody to care for her.

The policy statement contemplates scenarios where the defendant is the *only* available caregiver for a family member. *See, e.g.*, *United States v. Tran*, No. 14-cr-0264 MJP, Dkt. 59 (W.D. Wash. Nov. 10, 2021). While the policy statement is not binding on this Court, it provides useful guidance, and Collins has not presented any argument justifying a departure from that standard. In *Tran*, a case cited by the Government, the defendant had served over 70% of his sentence and presented evidence that he was his mother's only available caregiver, that he was willing and able to provide her care, and that she needed significant assistance to perform daily activities. *Id.* at 5–6. In contrast,

Collins has not shown that he is his grandmother's only available caregiver, nor has he shown the level of assistance that she needs and that he could provide such assistance. Collins' submissions do not adequately describe the family composition and whether there are other relatives in the community that could assist in Ms. Oliver's care. Further, Collins has also served less than 50% of his 66-month sentence.

Moreover, even if there were extraordinary and compelling reasons justifying Collins' release, he failed to analyze the § 3553 sentencing factors, which the Court conclude weigh against compassionate release in this case. While the Court need not undergo a full § 3553 analysis where it has concluded there are no extraordinary and compelling circumstances, it notes that Collins was extended leniency at sentencing and the need for just punishment has not yet been satisfied. Moreover, the Court concludes that he still presents a danger to the community. Collins possessed a firearm in furtherance of drug trafficking crimes and was carrying both a firearm and narcotics in his vehicle while driving with his five-month-old child. Dkt. 88 at 3–4. The § 3553 sentencing factors weigh against his release.

\\
\\
\\
\\
\\
\\
\\

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant Darveontrae Malik Collins' Motion for Compassionate Release, Dkt. 84, is **DENIED** and that the Government's motion to seal, Dkt. 89, is **GRANTED**.

Dated this 17th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge